IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO | : | **LEAD DOCKET** |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | |
| DISTRICT, et al. | : | NO. 14-6354 |

| | | |
|---|---|---|
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | NO. 17-1508 |
| DISTRICT, et al. | : | |

| | | |
|---|---|---|
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | NO. 21-1098 |
| DISTRICT, et al. | : | |

MEMORANDUM

Bartle, J.                                          October 10, 2024

Plaintiff Jenn-Ching Luo, acting pro se, has brought a number of actions against defendant Owen J. Roberts School District ("School District"), the Pennsylvania Department of Education, and various employees of the School District, in which he has alleged they have violated his constitutional rights and his child's right to a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").

In Civil Action No. 17-1508 (Luo V), Luo brought five Section 1983 claims against the School District and the

Department of Education as well as an appeal of one administrative decision under the IDEA.  Defendants moved to dismiss.  On October 30, 2023, the court granted these motions and dismissed all Section 1983 claims against the School District and the Department of Education.  Memorandum at 12, Luo, Civ. A. No. 14-6354 (Doc. # 121) (E.D. Pa. Oct. 30, 2023) ("Memorandum (Oct. 30, 2023)").[1]  Two IDEA administrative appeals remained pending.  Luo appealed the October 30, 2023 order as to Luo V.

In Civil Action No. 21-1098 (Luo VI), Luo brought seventeen counts against various defendants, as well as appeals of two administrative decisions under the IDEA.  On March 18, 2022, the court dismissed all claims against Sharon W. Montanye and Sweet Stevens Katz Williams LLP, counsel for the School District, and Hearing Officer James Gerl.  Memorandum at 18-19, 28-29, Luo, Civ. A. No. 14-6354 (Doc. # 106) (E.D. Pa. Mar. 18, 2022) ("Memorandum (Mar. 18, 2022)").  The court also dismissed all Section 1983 claims against the School District and the Department of Education.  Id. at 30-32.  On October 30, 2023, the court dismissed Luo's first IDEA administrative appeal against the School District.  See Memorandum (Oct. 30, 2023) at 13-14.  After the Department of Education filed a renewed motion

---

1.   All references to docket entries herein are to the lead docket, Civil Action No. 14-6354, unless otherwise noted.

to dismiss, the court dismissed on December 19, 2023 the first
IDEA administrative appeal contained within Luo VI against the
Department of Education (Doc. # 141).   There is one IDEA
administrative appeal that the court has not resolved.   Luo
appealed the March 18, 2022, October 30, 2023, and December 19,
2023 orders as they relate to Luo VI.[2]

On June 26, 2024, our Court of Appeals dismissed these
appeals in Luo V and Luo VI for lack of appellate jurisdiction
on the ground that there was no final order as defined under 28
U.S.C. § 1291 and remanded for further proceedings by this
court.   It explained that the court had not resolved all of
Luo's appeals of administrative decisions rendered in connection
with the education of B.L., Luo's son.

Upon remand to this court, Luo filed two motions for
reconsideration.   The first is a "motion for reconsideration of
the Order (ECF #122) denying plaintiff's motion for entry of
default against Owen J. Roberts School District in [Luo V,] 17-
1508" (Doc. # 148).   The second is a "motion for reconsideration

_____

2.   This memorandum and order only concerns claims made in Luo
V and Luo VI.   However, the majority of the relevant filings
have been docketed in Civil Action No. 14-6354 because these two
actions have been consolidated with this lead docket pursuant to
court orders dated February 9, 2021 and May 20, 2021, signed by
Judge Petrese B. Tucker, to whom these actions were assigned
before her retirement.   See Order, Luo, Civ. A. No. 14-6354
(E.D. Pa. Feb. 9, 2021) (Doc. # 74); Order, Luo, Civ. A. No. 14-
6354 (May 20, 2021) (Doc. # 83).

of the order (ECF #140) denying plaintiff's motion for entry of default against defendants in [Luo VI,] 21-1098" (Doc. # 149).

What remains to be decided in these actions are three administrative appeals to this court by Luo involving decisions under the IDEA.  Two administrative IDEA appeals are in Civil Action No. 17-1508 (Luo V) and one is in Civil Action No. 21-1098 (Luo VI).[3]

Before the court are three motions.  The first is the consolidated renewed motion[4] of defendant Owen J. Roberts School District to dismiss Luo V and Luo VI.[5]  The second and third

---

3.   In the memorandum in support of the order dated October 30, 2023 (Doc. # 121) as well as the memorandum in support of the order dated December 19, 2023 (Doc. # 141), the court discussed and dismissed the IDEA claim made in connection with the appeal of the first administrative hearing contained within Civil Action No. 21-1098 (Luo VI).  By concluding that the defendants did not violate the IDEA through its conduct or procedures followed in the first administrative hearing, the court has denied an appeal of this administrative hearing.  In the interest of clarity, the court will nonetheless discuss its reasoning for dismissing the appeal in greater detail here.

4.   In Civil Action No. 17-1508 (Luo V), the School District first filed a motion to dismiss on June 17, 2021 (Doc. # 95).  In Civil Action No. 21-1098 (Luo VI), the School District filed a motion to dismiss all claims on April 1, 2021.  Motion to Dismiss, Luo v. Owen J. Roberts Sch. Dist., Civ. A. No. 21-1098 (Doc. # 11) (E.D. Pa. Apr. 1, 2021).  That motion was filed in the Luo VI docket because it was filed prior to Judge Tucker's order consolidating this case with the lead docket, Civil Action No. 14-6354.  The motions to dismiss in both Luo V and Luo VI were ruled on in the March 18, 2022 (Doc. # 106) and October 30, 2023 (Doc. # 121) memorandums and orders which plaintiff appealed.

5.   Defendant initially filed this consolidated motion to dismiss on July 19, 2024 (Doc. # 151).  However, despite filing the document in Civil Action No. 14-6354, defendant failed to

motions are the supplemental motions of defendant Pennsylvania
Department of Education to dismiss the IDEA claims against it in
<u>Luo V</u> (Doc. # 47 in Civ. A. No. 17-1508) and <u>Luo VI</u> (Doc. # 52
in Civ. A. No. 21-1098).

I

An appeal to the district court of an administrative
decision made pursuant to the IDEA is subject to modified <u>de
novo</u> review of the administrative record.  <u>S.H. v. State-
Operated Sch. Dist. of Newark</u>, 336 F.3d 260, 270 (3d Cir. 2003).
In Pennsylvania, which has a two-tier system of administrative
review, our Court of Appeals has directed that a district court
defer to the factual findings of the initial hearing officer
unless there is contrary nontestimonial extrinsic evidence in
the record.  <u>Carlisle Area Sch. Dist. v. Scott P. ex rel. Bess
P.</u>, 62 F.3d 520, 529 (3d Cir. 1995).  The factual findings of
the hearing officer are presumed to be prima facie correct in
order to prevent district courts from imposing their own view of
what constitutes a preferable education method.  <u>D.S. v. Bayonne
Bd. of Educ.</u>, 602 F.3d 553, 564 (3d Cir. 2010).  Any legal
conclusions that a hearing officer makes are subject to de novo

identify this filing as part of the lead docket in the <u>Luo</u>
cases.  On July 22, 2024, on the request of the Clerk's Office,
defendant re-filed a corrected version of its consolidated
motion to dismiss (Doc. # 157) by adding the correct docket
number (Civil Action No. 14-6354) so that it could be filed in
the lead docket.

review, that is, the district court must exercise its independent judgment.  M.D. v. Colonial Sch. Dist., 539 F. Supp. 3d 380, 388 (E.D. Pa. 2021).

The IDEA was passed in order to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living" and "to ensure that the rights of children with disabilities and parents of such children are protected."  See 20 U.S.C. § 1400(d)(1)(A)-(B).  In order to achieve these goals, the IDEA requires that children with disabilities be evaluated by the local educational agency before providing special education or related services to a child with a disability and perform such reevaluation at least once every three years.  See 20 U.S.C. § 1414(a)(1)-(2).  Before providing special education to a child, the agency must obtain informed consent from his or her parent.  Id. at (A)(1)(D)(i)(II).

The agency, in conjunction with a team of interested parties, including the child's parent, is responsible for developing an individualized education program ("IEP") for each child with a disability.  At the beginning of the school year, each local educational agency shall have an IEP in effect for each child with a disability within its jurisdiction.  Id. at

-6-

(d)(2)(A).  In Pennsylvania, whenever there is a change to the identification, evaluation, educational placement, or provision of a FAPE──which occurs through an IEP──for a child with a disability, the local educational agency (here, the School District) provides a Notice of Recommended Educational Placement ("NOREP") to the parent.  See, e.g., Ridley Sch. Dist. v. M.R., 680 F.3d 260, 274-75 (3d Cir. 2012).  Such NOREP is a customary form of notice for local educational agencies in Pennsylvania. A NOREP informs the parent of such proposed changes and requests parental consent for the proposed action.  Such forms request parental consent to these changes.  If a parent fails to provide consent, indicate disapproval of the recommended action, or request an informal meeting, mediation, or file a due process complaint, the NOREP informs the parent that the School District will implement such changes.

If a parent is dissatisfied with a change to the child's identification, evaluation, educational placement, or IEP, the parent may file a due process complaint within two years.  34 C.F.R. § 300.507(a).  The regulations pursuant to the IDEA provide:

> A parent or a public agency may file a due process complaint on any of the matters described in § 300.503(a)(1) and (2) (relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child).

Id. at (a)(1).  The "matters described" are instances where a public agency either proposes to or refuses to "initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child."  Id. at § 300.503(a).

Once a due process complaint is filed, the complaint is reviewed by the local educational agency, may then proceed to mediation with the agreement of the parties, or otherwise will move forward to a due process hearing at which the issue is determined by a hearing officer.  20 U.S.C. § 1415(c), (e) & (f).  That decision shall be either made on substantive grounds, based on a determination of whether the child received a FAPE, or on the basis of procedural inadequacies.  When a due process complaint alleges that procedural violations impeded a child's right to a FAPE, such as Luo does in these two actions,

> [A] hearing officer may find that a child
> did not receive a free appropriate public
> education only if the procedural
> inadequacies--
> (I)   impeded the child's right to a free
>        appropriate public education;
> (II)  significantly impeded the parents'
>        opportunity to participate in the
>        decisionmaking process regarding the
>        provision of a free appropriate public
>        education to the parents' child; or
> (III) caused a deprivation of educational
>        benefits.

Id. at (f)(3)(E)(ii) (emphasis added).  After a hearing officer makes a decision, either party may appeal these findings to the

relevant state educational agency before proceeding to federal
court.  Id. at (g)(1) & (i)(2).  After such appeal is resolved,
a party may file a civil action in the state court or federal
district court within ninety days after the date of the decision
of the hearing officer.  Id. at (i)(2)(B).

                              II

          As an initial matter, the School District argues that
Luo's appeals of these IDEA administrative decisions in Luo V
and Luo VI are moot because his son, B.L., is over 21 years of
age[6] and therefore is no longer entitled to be provided a FAPE by
the School District pursuant to the IDEA.  See 20 U.S.C.
§ 1412(a)(1)(B).

          Luo counters that his claims, brought on behalf of his
son, remain viable without regard to his son's age.  He
maintains in his opposition to the School District's motion to
dismiss that he asserts "damage claims for violating the
student's past right to a free appropriate public education for
compensatory relief."

          Luo seeks three kinds of remedies in these two
actions.  First, Luo asks for compensatory and punitive damages
in connection with his Section 1983 claims.  All of these claims

---

6.   As of December 14, 2016, B.L. was fifteen years old.
Therefore, as of the date of this filing, B.L. is either 21 or
22 years old.  Luo does not dispute that B.L. is 21 years old or
older in his opposition to the motions to dismiss.

have been dismissed by the court.  See Memorandum (Oct. 30, 2023); see also Memorandum (Mar. 18, 2022), aff'd in part, No. 24-1030 (3d Cir. Sept. 16, 2024) (per curiam) (non-precedential).  A party cannot recover damages through Section 1983 on the basis of conduct that forms the basis of an IDEA claim.  A.W. v. Jersey City Public Schs., 486 F.3d 791, 803 (3d Cir. 2007).

Second, Luo seeks damages for violations of the IDEA.[7] The statute, however, does not permit a parent to recover such damages.[8]  Multiple circuit courts agree that damages are not available under the IDEA.  See, e.g., Sellers ex rel. Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 527 (4th Cir. 1998), cert. denied, 525 U.S. 871; Crocker v. Tenn. Secondary Sch. Athletic Ass'n, 980 F.2d 382, 386-87 (6th Cir. 1992); Heidemann v. Rother, 84 F.3d 1021, 1033 (8th Cir. 1996).

---

7.   Plaintiff states in his August 7, 2024 letter (Doc. # 166) to the court that he has also brought "claims under common law against Sharon W. Montanye, Sweet Stevens Katz Williams LLP, and James Gerl in the first and second administrative hearings for destroying the hearings by filing pre-hearing motions to dismiss, not in a separate count."  Individuals are not subject to individual liability under the IDEA.  See P.N. v. Greco, 282 F. Supp. 2d 221, 238 (D.N.J. 2003).  Therefore, any claim plaintiff has made against these parties in connection with his appeals of these administrative decisions will be dismissed.

8.   Plaintiff's appeals of these administrative decisions are brought pursuant to 20 U.S.C. § 1415(i)(2).  The remedies outlined in that statute are tailored to the contents of a student's IEP.  In the case of a prevailing parent, the court may only award counsel fees.  The statute does not provide for damages as a potential remedy.  See 20 U.S.C. § 1415.

Finally, Luo seeks compensatory education for his son. Parents may seek this remedy for their child pursuant to Section 1415(i)(2) of the IDEA.  Compensatory education is a judge-created remedy that may take a variety of forms, such as reimbursement of tuition or the establishment of a fund to spend on the child's tuition.  See, e.g., Sch. Comm. of Burlington v. Dep't of Educ. of Mass., 471 U.S. 359, 370 (1985); D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 496, 498 (3d Cir. 2012).  Our Court of Appeals has held that a student's graduation from high school does not necessarily moot a claim for compensatory education.  See, e.g., C.M. v. Bd. of Educ. of Union Cnty. Regional High Sch. Dist., 128 F. App'x 876, 879-80 (3d Cir. 2005) (per curiam); D.F., 694 F.3d at 497.

Luo, however, does not provide any details regarding what compensatory education he seeks for his son.  In Luo V, Luo only requests a declaration that he "was permitted not to waive his right to appeal" and that "before the expiration of the 90-day appealable period [Luo] could prepare an appeal".  The outcome of that administrative hearing would not have had any impact on his son's IEP or educational placement.

In Luo VI, Luo sought the ability to "make an unilateral placement and award a compensatory education."  The complaint does not further detail what such "unilateral placement" would consist of, or what compensatory education his

-11-

son requires.  Finally, he does not state how the dismissal of his due process complaints adversely affected his son's IEP or educational placement.

Accordingly, Luo's appeals of these administrative hearings, as identified in Luo V and Luo VI will be dismissed since his son has now reached the age of 21.

### III

In the interest of completeness, the court will also review the administrative records of Luo's administrative appeals in these two actions and consider them on the merits.

Aside from his damage claims, the gravamen of Luo's appeal to this court in Civil Action No. 17-1508 (Luo V) is his due process complaint that he was required to sign a NOREP which he asserts forced him to waive his right to appeal the decision of the hearing officer.

On September 30, 2016, one of Luo's earlier due process complaints was adjudicated by Hearing Officer McElligott.[9]  The decision of the hearing officer required the School District to make certain changes to the IEP of Luo's son. The School District was required to provide a NOREP to Luo by November 30, 2016 to inform him of these changes.  Such NOREP

---

9.   The merits of this hearing are the subject of Civil Action No. 16-6568 (Luo IV).

was provided to Luo on November 4, 2016.  According to the

hearing officer's decision, the NOREP provided to Luo

> reflect[ed] amendments to [B.L.'s] IEP that
> [the School District] deemed to be required
> by the [September 30, 2016] Order.  These
> amendments in its view solely consisted of
> moving language from one place in the
> prevailing IEP to another place in the
> proposed IEP.

As noted above, NOREPs state that if the parent does

not provide consent, indicate disapproval of the recommended

action, or request an informal meeting, mediation, or due

process, such changes will be implemented after ten calendar

days.[10]  Upon receipt of the November 4, 2016 NOREP, Luo stated

his disapproval on the form and indicated his desire for a due

process hearing.  He stated that the NOREP was a "premature"

request for parental consent and that the issuance of the NOREP

"effectively reduced Parents' time within which to appeal the

hearing officer's decision."

He thereafter filed a due process complaint

challenging the NOREP as he said he intended to do.  This

complaint was adjudicated by Hearing Officer Culleton, who

rendered his decision on January 9, 2017.  He concluded that the

---

10.  A copy of the NOREP is not in the record before the court.
The characterization of the NOREP is set forth in Hearing
Officer Culleton's administrative decision (Doc. # 151-2).  The
court affords "due weight" to the factual findings of the
hearing officer.  Luo does not dispute the officer's factual
findings and characterizes his due process complaint as a "pure
question of law."

issuance of the November 4, 2016 NOREP was appropriate.  In this decision, he explained that issuance of NOREP does not conflict with the appeal period set out in the IDEA.  20 U.S.C. § 1415(i)(2)(B).  Culleton explained:

> The IDEA's 90 day limitation period says nothing about the District's authority to comply with a hearing officer's order, or the time at which it is authorized to comply. Neither its purpose nor its language provides any basis to interpret it as prohibiting a district from complying with a hearing officer's order as the district interprets such order.

Hearing Officer Culleton added that Luo's reading of the appeal period would prevent the School District from complying with the terms of the September 30, 2016 administrative decision as promptly as possible.  He stated that the NOREP "did not inappropriately require Parent to consent to its proposed actions or to withhold consent."[11]

Luo, in appealing to this court, argues that this administrative decision is "simple, a pure question of law" rather than fact.  He complains that the decision failed to determine whether "plaintiff could refuse to waive his right to

---

11.  Hearing Officer Culleton's decision also states that he lacked jurisdiction to adjudicate plaintiff's "challenge to the authority of the previous hearing officer to issue the Order." In Luo's complaint, he identifies the "only question presented for Hearing Officer Culleton to decide is . . . if plaintiff to refuse to waive his right to an appeal."  Therefore, the court determines that plaintiff has not raised this jurisdictional issue.

-14-

appeal" and that by determining that the NOREP was proper, the
Hearing Officer interfered with Luo's liberty right to file an
appeal.  He additionally maintains that Hearing Officer
Culleton's January 9, 2017 decision should be vacated because
the School District should not be permitted to implement a prior
decision before the expiration of Luo's right to appeal.

        The School District has moved to dismiss Luo's appeal
of the January 9, 2017 IDEA administrative decision.  The court,
in its memorandum in support of its order dated October 30,
2023, has already discussed the merits of Luo's legal
contentions against the NOREP in connection with his similar
claim in Luo VI.  See Memorandum (Oct. 30, 2023), at 9-11, 13-
14.

        Although Luo maintains that Hearing Officer Culleton
failed to determine whether Luo could refuse to waive his right
to an appeal, the record makes clear that such a determination
was made.  Hearing Officer Culleton ruled that the requirement
that the School District provide Luo with a NOREP does not
conflict with Luo's timeframe for filing an appeal.  As the
court noted in its October 30, 2023 memorandum,

            Mr. Luo ha[s] not presented a cognizable
            claim because under the IDEA, as "no
            procedure exists that ties implementation of
            an IEP to the appeal timeline." Luo, 2022
            WL 837031, at *14.  Mr. Luo's ability to
            appeal the decision is independent of the
            implementation of B.L.'s IEP, and Mr. Ball's
            actions in requesting Mr. Luo's compliance

> did not run afoul of Mr. Luo's right to
> appeal under IDEA.

Memorandum (Oct. 30, 2023) at 11.  Since the provision of a
NOREP is separate from Luo's ability to appeal the decision, the
court will not overturn Hearing Officer Culleton's decision on
this basis.

Next, Luo claims that Hearing Officer Culleton's
determination that the November 4, 2016 NOREP was proper
interfered with Luo's "liberty right" to file an appeal.  There
was simply no interference with Luo's rights.  Luo not only was
able but did in fact file an appeal of the September 30, 2016
decision that forms the basis of the November 4, 2016 NOREP.
The merits of that appeal forms the basis of Civil Action No.
16-5856 (Luo IV).

Finally, Luo argues that the hearing decision should
be vacated because the School District should not have been
permitted to implement a hearing order prior to the expiration
of Luo's opportunity to appeal.  The court previously explained
in Luo VI that this argument is without merit.  It wrote

> While it is true that parents are members of
> the IEP team and are therefore entitled to
> participate in the process, they may not
> control it. See G.K. ex rel. C.B. v.
> Montgomery Cnty. Intermediate Unit, Civ. A.
> No. 13-4538, 2015 WL 4395153, at *15 (E.D.
> Pa. July 17, 2015) (citing K.C. ex rel. Her
> Parents v. Nazareth Area Sch. Dist., 806 F.
> Supp. 2d 806, 829 (E.D. Pa. 2011)). The
> School District may establish its own
> procedure for objections and has done so by

-16-

> requiring objections be formally lodged
> through a due process complaint. Therefore,
> the School District did not violate IDEA by
> requiring Mr. Luo to file due process
> complaints via its established process. This
> claim against the School District will be
> dismissed.

Memorandum (Oct. 30, 2023) at 13-14.  The court adopts this
reasoning and will deny Luo's appeal of this administrative
hearing for the same reason.

Accordingly, if not moot as determined above, the
court will dismiss Luo's claim to vacate the January 9, 2017
administrative decision by Hearing Officer Culleton in Civil
Action No. 17-1508 (Luo V).

IV

Luo filed Civil Action No. 21-1098 (Luo VI) on March
10, 2021.  This complaint contains two claims seeking to vacate
decisions made by the hearing officers pursuant to Section
1415(i)(2) of the IDEA.

The first decision was made on December 23, 2020 by
Hearing Officer James Gerl and concerns the same legal arguments
about the NOREP that Luo asserts in Luo V.  This appeal was
dismissed in the court's October 30, 2023 decision.  See
Memorandum (Oct. 30, 2023) at 13-14.

On December 8, 2020, Luo filed a due process complaint
stating that the NOREP provided to Luo by the School District
had a "legal problem."  He stated that because the School

-17-

District provided a NOREP to him before his 90-day appeals period expired, his right to appeal such decision before a federal district court was curtailed.

On December 18, 2020, Sharon W. Montanye, counsel for the School District, filed a pre-hearing motion to dismiss this due process complaint.  Montanye argued that the due process complaint should be dismissed because the issue was not within the scope of a hearing officer's jurisdiction.  Montanye explained that the "legal problem" did not concern "any of the matters described in [34 C.F.R. §] 300.503(a)(1) and (2)."  As noted above, that subsection provides the potential list of topics as follows:

> (1)  Proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child; or
> (2)  Refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child.

Hearing Officer Gerl initially denied this motion to dismiss on procedural grounds.  After Montanye refiled a conforming motion, Gerl granted the motion on December 23, 2020. He reasoned:

> The motion to dismiss was previously denied because it failed to include a certification that the parties had conferred and attempted to resolve the subject of the prehearing motion prior to filing the motion. Because the parent has nonetheless continued to use highly inappropriate and offensive language

-18-

> in email communications with the hearing
> officer even after having been warned that
> doing so may result in adverse consequences,
> the certification of conference requirement
> has been waived for purposes of this motion
> to dismiss.

Gerl concluded he did not have jurisdiction to adjudicate Luo's complaint, which broadly attacked the form of a NOREP designed by the Pennsylvania Department of Education.  Significantly, Luo's due process complaint did not identify any impact that the purportedly defective NOREP had on his son's IEP or his entitlement to a FAPE.

The final appeal of the administrative hearing made by Luo in Luo VI concerns a decision made by Hearing Officer Gerl on January 15, 2021.

After the December 23, 2020 decision of the hearing officer to dismiss the due process complaint described above, Luo concluded that "[i]t [was] not worth appealing the first hearing," that is the initial December 8, 2020 decision of the hearing officer denying the motion to dismiss.  Instead, Luo filed a new complaint which stated the same claims as his December 8, 2020 complaint with the amendment that the "school district and Department of education failed to establish and maintain a procedure to ensure the student to receive an appropriate education."

As before, Montanye filed a motion to dismiss which did not include a certification that the parties had conferred

-19-

to resolve the subject of the prehearing motion prior to its
filing.  This motion was denied.  Afterward, Montanye filed a
motion that contained such a certification.  On January 15,
2021, Hearing Officer Gerl granted this motion to dismiss.

Gerl's reasoning in the second administrative decision
was the same as the first.  In his decision, he also noted that
Luo argued that this complaint is distinct because the request
for an appropriate education for his son "requests compensatory
education for the student."  However, Gerl noted that this is
not a substantive issue, and rather is a type of relief
available.  Thus he concluded that this amendment did not create
a new issue for review.

In Civil Action No. 21-1098 (Luo VI), Luo appeals the
decisions made in these two administrative hearings.  Luo raises
the same issues as to both administrative appeals.  He argues
that the decisions should be vacated because no provision
warranted the School District to file a motion to dismiss.
Additionally, he maintains that the decision relies on a
misreading of 34 C.F.R. § 300.507(a) and that this issue was
within the hearing officer's jurisdiction.  Finally, he
concludes that because the due process complaint he submitted
was sufficient, the hearing must proceed and the court should
instead find in his favor and conclude that the NOREP form is
legally deficient.  As for the second administrative decision,

he argues that the complaint fell within a hearing officer's jurisdiction because of his amendment which alleged that the School District and Department of Education failed to maintain a procedure for the student to receive an appropriate education.

The IDEA permits the School District to challenge the sufficiency of Luo's due process complaint before a hearing occurs.  Under 20 U.S.C. § 1415(c)(2)(B)(i)(II), the IDEA contemplates that a local educational agency has the opportunity to assert that a parents' due process complaint notice was insufficient.  The implementing regulation contemplates that a due process complaint must be deemed sufficient unless the party receiving such complaint notifies the hearing officer and the other party of the deficiencies.  See 34 C.F.R. § 300.508(d)(1).  This is the procedure Montanye followed as counsel for the School District.  Therefore, neither hearing decision will be vacated on the basis that Montanye's motions to dismiss were improper.

Luo further argues that these two decisions should be vacated because the hearing officer was required to hear his concerns relating to the NOREP.  Under the IDEA, a hearing officer may hear issues relating to procedural questions when such inadequacies: (1) impede the child's right to a FAPE; (2) significantly impede the parents' opportunity to participate in the decisionmaking process regarding the provision of a FAPE to

the parents' child; or (3) cause a deprivation of educational benefits to the child.  20 U.S.C. § 1415(f)(3)(E)(ii).

Luo does not identify any impact that this NOREP had on his son's education.  His complaint makes no allegations as to whether this NOREP significantly impeded his ability to participate in the provision of a FAPE to his son beyond conclusory statements regarding Luo's "liberty rights."  A violation of a "liberty right" is not cognizable through the IDEA, as this statute only protects the parent's right to participate in the provision of a FAPE to his or her child.

Even if the hearing officer was required to hear Luo's arguments relating to the sufficiency of the NOREP, the court addressed the merits of Luo's argument that the NOREP was procedurally deficient in its memorandum in support of its order dated October 30, 2023.  As noted above, "[t]he School District may establish its own procedure for objections and has done so by requiring objections be formally lodged through a due process complaint.  Therefore, the School District did not violate IDEA by requiring Mr. Luo to file due process complaints via its established process."  Memorandum (Oct. 30, 2023) at 14.  Luo's claim that the NOREP is procedurally deficient fails.

Regarding the second due process complaint discussed in Civil Action No. 21-1098 (Luo VI), Luo argues that his complaint should have been considered rather than being

dismissed prior to the due process hearing.  He asserts that because the due process complaint includes a claim that the School District and Department of Education failed to maintain a procedure for the student to receive an appropriate education, the complaint therefore falls within a hearing officer's jurisdiction.  Hearing Officer Gerl characterized this argument as a request for "compensatory education."  However Luo fails to detail in his complaint how the NOREP negatively affected his son's ability to access necessary services, or the school's ability to provide him with such services.  Therefore, he has not sufficiently alleged what compensatory education is due.

Even if not moot, the court rejects Luo's arguments in the appeals of the two administrative decisions contained within Civil Action No. 21-1098 (<u>Luo VI</u>).

V

Finally, the Pennsylvania Department of Education argues that all IDEA appeals filed by Luo should be dismissed as to it because it is not a proper party.  The Department of Education was not a participant in any of the proceedings before the Office of Dispute Resolution.

The IDEA permits a parent to lodge a due process complaint against the state educational agency when it directly provides services to a student pursuant to its obligations under Section 1413(g) or in the early intervention context. <u>See</u> 22 Pa.

Code § 14.151(b)(1).  Additionally, the state educational agency may be the appropriate respondent where there is no local educational agency responsible for a child's education.  See, e.g., R.V. v. Rivera, 220 F. Supp. 3d 588, 594 (E.D. Pa. 2016).

In R.V., a parent brought a civil action against the Pennsylvania Department of Education, rather than the child's local educational agency.  The court determined that the Department was the proper party because the local educational agency, the school at which the child was educated, was defunct.  Id. at 593.  Since at the time the parents filed their complaint there was no local educational agency, the Department of Education was ultimately responsible for providing the child with a FAPE.  For that reason, it was also the proper party in their due process complaint.

In these two actions, the School District was responsible for providing B.L. with a FAPE during the relevant periods.  The School District continues to exist and educate students.  The parties do not dispute that the School District was responsible for providing B.L. with a FAPE.  Therefore, the School District as the local educational agency is the proper party.  Luo's appeals pursuant to the IDEA cannot be maintained against the Department of Education.

VI

The court finds by a preponderance of the evidence
that the administrative decisions challenged by Luo in Luo V and
Luo VI were appropriate.  These appeals will be dismissed.  The
motion of defendant Owen J. Roberts School District and of
defendant Department of Education to dismiss these two actions,
Luo V and Luo VI, against them will be granted.  The motions of
Luo to reconsider the court's orders denying his motions for
entry of default in Luo V and Luo VI will be denied.